IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GERALD CONTRERAS AND LAURA ANN CONTRERAS, | § § § § § | |
| *Plaintiffs*, | § § | Civil Action No.  SA-16-CV-718-XR |
| v. | § § § | |
| WELLS FARGO BANK, N.A. AND THOMAS ROSSINGTON, | § § § § | |
| *Defendants*. | § § § | |

## ORDER

On this date, the Court considered Plaintiffs' Motion to Remand. Docket no. 3. After careful consideration, the Court DENIES the motion.

## BACKGROUND

This case arises out of the foreclosure of Plaintiffs' real property located at 14 Rolling Acres Road, Boerne, Texas (the "Property"). Plaintiffs originally purchased the Property on June 30, 2010 with a loan, secured by a Deed of Trust from Defendant Wells Fargo Bank, N.A. Orig. Pet. at ¶ 3. At some point thereafter, Plaintiffs fell behind on their payments. *See id*. at ¶ 5–7. Before Wells Fargo foreclosed, Plaintiffs allege that they contacted Wells Fargo to offer the amount of funds necessary to reinstate the loan. *Id* at 6–7. Wells Fargo responded that this offer was too late, and foreclosed on the Property on March 1, 2016. *Id.* at ¶ 7–8.

On June 8, 2016, Plaintiffs filed their Original Petition in the 216th Judicial District Court of Kendall County against Wells Fargo and the substitute trustee, Mr. Thomas Rossington,

1

alleging wrongful foreclosure. The Original Petition asserts causes of action for: (1) breach of contract, (2) violations of the Texas Deceptive Trade Practices Act; (3) violations of the Texas Fair Debt Collection Practices Act; and (4) negligence. *Id.* at ¶ 16–25. Plaintiffs further sought a declaratory judgment against all parties. *Id.* at ¶ 26.

On July 15, 2016, Wells Fargo removed the case to this Court pursuant to 28 U.S.C. § 1441 on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1332(a). Although Plaintiffs and Rossington appear to be Texas residents, Wells Fargo asserts that the Court may disregard Rossington's citizenship because he has been improperly joined. Docket no. 1 at 3–6.

On August 15, 2016, Plaintiffs filed a motion to remand the case. Docket no. 3. Plaintiffs argue that Rossington's citizenship should be considered for the diversity jurisdiction analysis because he was properly joined. *Id.* at 4–5 If the Court considers Rossington's citizenship, then complete diversity is lacking, since both he and Plaintiffs are citizens of Texas. *See Stiftung v. Plains Mktg., L.P.*, 603 F.3d 295, 297 (5th Cir. 2010) (stating that a federal court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same citizenship as any one of the defendants). On August 22, 2016, Wells Fargo filed its response to Plaintiffs' motion to remand, and on August 29, Plaintiffs filed their reply.

## LEGAL STANDARD

A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction. 28 U.S.C. § 1441(a). Removal is proper in any case where the federal court would have had original jurisdiction. *Id.* To determine whether jurisdiction is present for removal, the Court considers the claims in the state court petition as they existed at the time of removal. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995). The removing party bears the burden of showing that federal

jurisdiction exists and that removal was proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Any ambiguities are to be construed against removal, as the removal statute should be strictly construed in favor of remand. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

A removing party can establish federal jurisdiction on the basis of 28 U.S.C. § 1332 by demonstrating that in-state defendants have been "improperly joined." *Smallwood v. Illinois Cent. R. Co.,* 385 F.3d 568, 573 (5th Cir. 2004). To establish improper joinder, a removing party must show either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) [an] inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003).  On this second prong, the Fifth Circuit has held that "the test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.*

## DISCUSSION

Wells Fargo does not allege actual fraud in the pleading of jurisdictional facts. As a result, the inquiry focuses on whether the removing party (Wells Fargo) has established that Plaintiffs have no reasonable basis to recover against the non-diverse defendant, Rossington, in state court. In these state-law foreclosure cases, courts routinely hold that the mere inclusion of a non-diverse trustee as a nominal party will not defeat diversity jurisdiction. *See e.g., Eisenberg v. Deutsche Bank Trust Co. Americas*, SA-11-CV-384-XR, 2011 WL 2636135 (W.D. Tex. July 5, 2011) (finding that a trustee did not defeat diversity jurisdiction where the trustee was named

solely to prevent foreclosure, no foreclosure sale had occurred, and the plaintiffs did not allege any defects in notice or bad faith by the trustee). On the other hand, in circumstances where a plaintiff asserts actual *misconduct* on the part of the trustee, a court must assess whether such allegations give rise to a reasonable basis for plaintiff to recover against the trustee in state court. *See Sanchez v. Bank of America, N.A.*, SA-13-CV-87-HLH, at *2–3 (W.D. Tex. Mar. 19, 2013) ("[T]he status of a substitute trustee [as a properly or improperly joined defendant] hinges on the nature of the actions allegedly taken by the trustee"). Here, Plaintiffs allege misconduct on behalf of Rossington, the trustee, and so the Court must assess the potential viability of those claims in state court.

Each of Plaintiffs' causes of action against Rossington are supported only by broad allegations that he failed to "ensure," "inquire," and "investigate." Plaintiffs allege that Rossington "has a *duty to ensure* all statutory and contractual obligations are met by the bank," Orig. Pet. at ¶ 17 (emphasis added), and a "duty of fairness" that he breached "by failing to stop the foreclosure process *to inquire* whether or not the Defendant bank had complied with the applicable law and deed of trust," *id.* at ¶ 23–24 (emphasis added). Plaintiffs assert that Rossington "did not *inquire* into these compliance issues," *id.* at ¶ 24 (emphasis added), or "investigate" other options, *id.* at ¶ 25. Otherwise, Plaintiffs point to no specific actionable conduct on behalf of Rossington.

"Texas law does not impose any generalized duty to investigate upon a trustee." *Mendez v. Wells Fargo Bank, N.A.*, No. SA-14-CV-326-XR, 2014 WL 1923056, at *3 (W.D. Tex. May 13, 2014). In *Mendez*, the plaintiff alleged that "[the trustee] had a duty to *inquire* as to the compliance by the Defendant bank with the applicable . . . duties . . . of the mortgagee." *Id.* With

the same procedural posture as the present case, this Court found that plaintiff's allegations essentially asserted liability for a failure to investigate. *Id*. In denying the plaintiff's motion to remand and dismissing all claims against the trustee, this court reasoned that, because the plaintiff was asserting liability based on a duty that did not exist under Texas law, "[p]laintiff has no reasonable basis to recover against [the trustee] on this theory."[1] *Id*. at *4. The allegations and facts here are nearly identical to those in *Mendez*. The plaintiffs in both cases, down to the exact wording, alleged that the trustee failed to "inquire" and that he was subject to liability on this ground. Here, the Plaintiffs' addition of the words "ensure" and "investigate" does not distinguish this case from *Mendez* and cannot change the underlying allegation that Rossington breached his duty to investigate—a duty that Texas law does not recognize. Accordingly, Plaintiffs have no reasonable basis to recover against Rossington on their one and only legal theory.

By disproving Plaintiffs' only theory of Rossington's liability in this case, Wells Fargo has established that Plaintiffs have no reasonable basis to recover against the non-diverse Defendant in state court. Consequently, Rossington was improperly joined and his citizenship may be disregarded for diversity purposes. There being complete diversity of the parties, the Court finds that it has subject matter jurisdiction over this claim under 28 U.S.C. § 1332(a).

## CONCLUSION

In light of the foregoing analysis, the motion to remand is DENIED. Docket no. 3. All claims against Defendant Rossington are DISMISSED WITHOUT PREJUDICE.

---

[1] The plaintiff in *Mendez* also asserted that he received insufficient notice of intent to accelerate. *Id*. at *3. The Court there addressed those claims in addition to the failure to investigate claims, but because the insufficient notice claims also provided no reasonable basis for the plaintiff's recovery, the court ultimately denied the motion to remand and dismissed both claims against the trustee. *Id*. Here, Plaintiffs assert only the failure to investigate claim, which streamlines this Court's disposition of this motion.

It is so ordered.

SIGNED this 12th day of September, 2016.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE